Artur HAXHIU, Petitioner,

v.

Michael B. MUKASEY, Attorney

**General of the United States,\* Respondent.**

**No. 07–1092–ag.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2007.

Charles Christophe, New York, NY., for Petitioner.

Peter D. Keisler, Acting Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Stacey I. Young, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Artur Haxhiu, a citizen of Albania, seeks review of a March 6, 2007 order of the BIA, affirming the August 9, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Artur Haxhiu,* No. A95 846 333 (B.I.A. March 6, 2007) *aff'g* No. A95 846 333 (Immig. Ct. N.Y. City Aug. 9, 2005). We assume the parties' familiarity with the 22 underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Iouri v. Ashcroft,* 487 F.3d 76, 81 (2d Cir.2007) (citing section 1252(b)(4)(B)).

As an initial matter, we dismiss Haxhiu's petition for review with respect to his CAT claim because he failed to challenge the denial of that relief before the BIA. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). We also find that Haxhiu waived his challenge to the BIA's determination that "honest government employees" is a particular social group, because he failed to raise that issue in his brief to this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

We conclude that the agency's denial of asylum and withholding of removal was supported by substantial evidence because Haxhiu failed to establish that any harm he suffered was on account of a protected ground. Haxhiu claims to have been threatened based on a report he submitted describing government corruption. He did not establish, however, that such threats were based on his opposition to a governing institution, rather than his challenge to an isolated act of greed or malfeasance. *Cf. Yueqing Zhang,* 426 F.3d at 548. And there is no evidence that Haxhiu's actions or the threats he received were based on his prior membership in the Democratic Party. To the extent Haxhiu's claim of a well founded fear of future persecution was based on the same threats he received after issuing the report, the agency's "nexus" finding was dispositive of his claim for asylum. The agency accurately noted, moreover, that the Democratic Party, which Haxhiu claims to support, is now in power in Albania, further undermining his claimed fear of future persecution. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 188 (2d Cir.2006). Because the agency's finding that Haxhiu had not met his burden of demonstrating eligibility for asylum is supported by substantial evidence, the agency's finding that Haxhiu had not met his burden in establishing eligibility for withholding of removal was also proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.